Joshua Konecky, SBN 182897
Nathan Piller, SBN 300569
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL CASTALDI, on his own behalf, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     vs.<br><br>SIGNATURE RETAIL SERVICES, INC.,<br><br>          Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. §201, *et seq.***<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Paul Castaldi, by and through his undersigned attorneys, hereby brings this Collective Action Complaint on behalf of all others similarly situated, against Defendant Signature Retail Services, Inc. ("Defendant"), and alleges as follows:

## I.      NATURE OF THE CASE

1.      This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), arising out of the failure of Defendant to compensate its hourly, non-exempt Retail Merchandisers for work Defendant suffers and permits them to perform for its own benefit as their employer.

2.      Defendant employs Plaintiff and hundreds of other similarly situated employees in the United States as Retail Merchandisers (collectively "Merchandisers" and/or "the Collective"). These positions are not exempt from the overtime and minimum wage provisions of the FLSA. Nonetheless, as a matter of policy and practice, Defendant fails to fully record and compensate its Merchandisers for all their hours worked, including overtime premium compensation.  This uncompensated, off-the-clock work is integral and indispensable to the principal activities of the job. Defendant's policy and practice has deprived the Collective of substantial wages they have earned and to which they are entitled.

3.      Defendant requires and/or suffers and permits its Merchandisers to travel from retail store to retail store giving "product demonstrations."  The demonstrations involve setting up and operating a kiosk inside a retail store, demonstrating to customers how a product works, answering customers' questions, and making sales.  Merchandisers must engage in substantial study and preparation so they are knowledgeable enough about the products to give the demonstrations, work that Defendant suffers and permits the Merchandisers to perform off-the-clock, without compensation.

4.      Defendant also suffers and permits the Merchandisers to give multiple demonstrations in a single workday, which requires that the Merchandisers travel from store to store.  Prior to approximately October 2014, Defendant compensated the Merchandisers for this travel time in between stores.  In October 2014, Defendant switched to a "Project Pay" system under which it instructs Merchandisers to ***never*** record the hours they spend traveling from store to store in the timekeeping system.  Since this shift, Defendant has not paid the Merchandisers any wages for this

time.  Rather, Defendant simply reimburses a portion of their mileage and other driving-related expenses.  This is not a wage, but an expense reimbursement that Defendant reports as "non-taxable payroll."

5.      By failing to maintain accurate records of all hours worked, failing to pay overtime wages, and failing to pay wages for all hours worked, Defendant has operated and continues to operate in violation of the FLSA.

6.      Plaintiff, on behalf of himself and all others similarly situated, seeks compensation and credit for all unrecorded and uncompensated work time, including overtime, liquidated damages and/or all other relief permitted by law.  Plaintiff requests reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II.      JURISDICTION AND VENUE

7.      The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).

8.      This Court has federal question jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.  The Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceed a sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Collective, on the one hand, and Defendant, on the other, are citizens of different states.

9.      Venue is proper under 28 U.S.C. §1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District, and Defendant is a resident of this Judicial District.

## III.      PARTIES

10.      Plaintiff, Paul Castaldi, is a resident of Johnston, Rhode Island, in Providence County. Plaintiff worked as a Merchandiser for Defendant in the Providence, Rhode Island region and elsewhere between approximately August 2013 and January 2015.

11.     Defendant employed Mr. Castaldi as a Merchandiser and Mr. Castaldi has held this same job position since he began working for Defendant in August 2013.  Mr. Castaldi's employment with Defendant was terminated in January 2015.

12.     The Collective Action members are persons who worked as Merchandisers for Defendant in the United States at any time beginning three years before the filing of this Complaint, and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling.

13.     Defendant Signature Retail Services, Inc. is an Illinois corporation with several places of business in California.  Signature Retail Services does business in the State of California and nationwide, and at all relevant times has been engaged in the business of retail merchandising, sales, event marketing, and retail construction services in the United States.

14.     Throughout this Complaint, any reference to "Defendant," or "Signature" is intended to refer to the same entity.

## IV.     FACTUAL ALLEGATIONS

15.     Defendant is a national corporation that provides retail merchandising and sales services to "some of the largest retailers and brands in the world" across "all 50 states in the U.S.," including in this Judicial District.

16.     Defendant was created in 2005 as a successor corporation to Consumer 500 Enterprises, which was founded in 1991.  After becoming the successor, Defendant expanded its business beyond the Midwest into all of the 50 states.

17.     Defendant contracts with retail stores to provide in-store merchandising, product demonstrations, and other "dedicated field projects."  Defendant currently employs hundreds of Merchandisers in the United States.

18.     All Merchandisers share a common job description.  The principal job duty of Merchandisers is to study the various products that are the subjects of the demonstrations, and to

travel from retail store to retail store giving product demonstrations, answering customers' questions, and generally engaging in sales of the featured products.

19.     Defendant pays its Merchandisers by the hour and classifies them as "non-exempt" employees who are entitled to minimum wage and overtime compensation as defined by the FLSA.

20.     Merchandisers ordinarily work at many different retail stores each day, often far away from their homes.  Merchandisers regularly give product demonstrations at 4-7 stores per day, and spend as many as 3 hours or more per day traveling in between stores.  Since October of 2014, Defendant has not paid its Merchandisers any wages for this travel time.

21.     Some Merchandisers work part-time, but many—including Plaintiff—work full-time. Many Merchandisers move between full-time and part-time work, depending on Defendant's and the Merchandiser's needs.  Defendant regularly schedules Merchandisers to give demonstrations inside the stores for over 40 hours per week.  This does not include the off-the-clock work described herein.

22.     Defendant expects its Merchandisers to be knowledgeable about the products they demonstrate, which requires substantial study and preparation time before giving a demonstration. Accordingly, Defendant requires its Merchandisers to complete online video training assignments for each product they demonstrate, from home.  Defendant regularly monitors whether its Merchandisers have completed these assignments by administering computerized "Brain Shock" tests.  Defendant does not compensate its Merchandisers for the time they spend studying and researching the products, or for the time they spend taking the tests, work it suffers and permits them to perform.  As a result, Merchandisers routinely spend 5 hours or more per week off-the-clock studying the products and otherwise preparing to give the demonstrations.  Defendant does not compensate its Merchandisers for this work it suffers and permits them to perform.

23.     Prior to approximately October of 2014, Defendant compensated its Merchandisers for the time they spent traveling in between each retail store at their regular hourly rate, and reimbursed them for some of their mileage and expenses.

24.     In approximately October of 2014, Defendant shifted many of its Merchandisers to a "Project Pay" system. Under the new system, Merchandisers are no longer paid for the time they spend traveling in between stores. While Defendant still reimburses them for some of their mileage and out of pocket expenses, these reimbursements are not wages, but rather designated as a non-taxable expense payment. Defendant explains this shift as a result of "continued expansion" of the business to the point that "the hours do not justify going through a normal schedule format/process."

25.     Under the "Project Pay" system, Defendant instructs Merchandisers to sign up for product demonstration slots at retail stores. However, Defendant ultimately determines which assignments go to which Merchandisers.

26.     Many Merchandisers—including Plaintiff—are full-time employees, and sign up for over 40 hours per week of in-store hours, not including time spent traveling and/or studying and otherwise preparing for the demonstrations. For example, Plaintiff worked one week in November 2014 in which he recorded over 45 hours of work inside retail stores alone. This does not include the substantial time he spent studying and otherwise preparing for the demonstrations, or the time he spent traveling in between retail stores.

27.     Defendant stated in its informational pamphlet provided to Merchandisers that when they "offer up work assignments in areas on a 'Project Pay' basis," pay rates will consist of "a rate for completing the project called the execution rate and then a rate for expense reimbursement/travel known as the expense rate (when applicable)." Despite suffering and permitting Merchandisers to carry out multiple demonstrations at several stores per day on this "Project Pay" basis, Defendant does not compensate its Merchandisers with any wages for travel time in between stores. Rather, Defendant simply provides modest expense reimbursement, which is designated as "non-taxable payroll."

28.     Defendant instructs Merchandisers to ***never*** clock into the timekeeping system while traveling between retail stores after their first project of the day. Instead, Defendant instructs them to clock-in when they arrive at a store and clock out when they leave. Indeed, Defendant's own

instructions distributed to Merchandisers provide: "Employees on Project Pay status should NEVER clock in and out of the Drive Time function." (emphasis in original) Instead, Defendant instructs merchandisers to clock-in using job numbers corresponding to a particular product, and clock out when they leave the store.

29.     Product demonstrations regularly take between 1 and 4 hours, and Merchandisers often give as many as 7 product demonstrations in a day, and often work 5 days per week or more. For example, on one workday in November, 2014, Plaintiff gave 6 demonstrations, which amounted to nearly 10 hours of work performed inside the stores alone, exclusive of travel time and study time.

30.     Defendant also regularly schedules Merchandisers to give several demonstrations per day, every day of the work week.  For example, Plaintiff recorded over 45 hours one week just giving product demonstrations inside retail stores.  Even without taking into account the substantial travel and study duties Defendant suffers and permits them to perform, Merchandisers regularly perform work over 40 hours per week that Defendant also suffers and permits them to perform.

31.     Defendant suffers and permits the Merchandisers to travel between stores for 2-3 hours or more per work day, because traveling from one retail store to another regularly takes as much as 1 hour, and the Merchandisers regularly perform demonstrations at as many as 6 or more stores per work day.

32.     Defendant also suffers and permits the Merchandisers to prepare for each product demonstration using the "Brain Shock" games and other testing.  This requires at least 1 hour of preparation and test taking on the nights before Merchandisers are scheduled to give demonstrations.

## V.      COLLECTIVE ALLEGATIONS

33.     Plaintiffs bring all counts herein as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and a proposed Collective of similarly situated employees defined as:

> "All individuals currently or formerly employed by Defendant as a Merchandiser or other
> equivalent hourly position in the United States at any time from three years before the filing

of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling, through resolution of this action."

34.    Plaintiffs, individually, and on behalf of other similarly situated employees defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to compensate its hourly, non-exempt Merchandisers for work Defendant suffers and permits them to perform for its own benefit, including overtime compensation.  The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, et seq. FAILURE TO PAY OVERTIME WAGES

35.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

36.    The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay employees overtime wages at one and one-half their regular rate for hours worked in excess of 40 hours during a workweek.  29 U.S.C. § 207.

37.    Defendant is subject to the FLSA because it is an employer whose employees are engaged in commerce and/or engaged in the production of goods for commerce.

38.    Plaintiff and those similarly situated are covered by the FLSA because they are employees engaged in commerce and/or in the production of goods for commerce.

39.    Defendant has violated the FLSA by failing to pay Merchandisers for all time worked, including overtime pay.  Defendant has required and/or suffered and permitted its Merchandisers to perform work without clocking-in and without compensation.

40.    Merchandisers regularly work in excess of 40 hours per week just giving in-store demonstrations, not including the substantial hours they work off-the-clock performing tasks

Defendant has suffered and permitted them to perform, including traveling between retail stores and studying and otherwise preparing for the next day's demonstrations.

41.    Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy that systematically denies Merchandisers their statutorily mandated overtime premium pay.  This uniform policy, in violation of the FLSA, has been applied to the Merchandisers employed by Defendant throughout the United States.

42.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.  Therefore, Plaintiff and all similarly situated employees are entitled to all damages owed for the limitations period beginning three years preceding the filing of this Complaint, plus periods of equitable tolling.

43.    Plaintiff and other similarly situated employees are entitled to recover an award in the amount of their unpaid overtime compensation.

44.    Plaintiff and other similarly situated employees are entitled to recover an additional award of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

45.    Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment.  29 U.S.C. § 211(c).  It is unlawful for any person to violate § 211(c).  29 U.S.C. § 215(a)(5).

46.    29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

47.    Defendant has failed to maintain records accurately, as required by the aforementioned statutes and regulations, and failed to furnish the Merchandisers with statements accurately showing the hours they worked during the relevant time period.  Indeed, Defendant actually instructed

Merchandisers **_not_** to record their hours when traveling between stores, even though it is compensable time.

48.    Where an employer's records are inaccurate or inadequate, employees need only produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference in order to prove they were improperly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).  If an employer is unable to rebut the reasonableness of this inference, the court may award damages to the employee, even if the result "be only approximate." *Id.*

49.    The Merchandisers are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.  29 U.S.C. § 216(b).

## COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, et seq. FAILURE TO COMPENSATE FOR ALL HOURS WORKED

50.    Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

51.    The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay employees overtime wages at one and one-half their regular rate for hours worked in excess of 40 hours during a workweek.  29 U.S.C. § 207.

52.    Defendant is subject to the FLSA because it is an employer whose employees are engaged in commerce and/or engaged in the production of goods for commerce.

53.    Plaintiff and those similarly situated are covered by the FLSA because they are employees engaged in commerce and/or in the production of goods for commerce.

54.    The FLSA further requires that employers compensate employees for all straight time compensation at the employees' regular rate of pay for non-overtime hours worked, in addition to

---

COLLECTIVE ACTION COMPLAINT
*Paul Castaldi v. Signature Retail Services, Inc.*

9

paying employees overtime wages at one and one-half their regular rate for hours worked in excess of 40 hours during the workweek.

55.    Merchandisers regularly work in excess of 40 hours per week merely performing in-store demonstrations, not including the substantial hours they work off-the-clock performing tasks Defendant has suffered and permitted them to perform, including traveling between retail stores and studying and otherwise preparing for the next day's demonstrations.

56.    At all times relevant to this action, Defendant has engaged, and continues to engage, in a willful policy, pattern, or practice of requiring and/or suffering and permitting the Merchandisers to perform work without compensation, in the form of spending time and conducting activities for the benefit of Defendant and that is an integral and indispensable part of the principal activities for which the Merchandisers are employed.

57.    As a result, Defendant has failed to compensate its Merchandisers for all hours worked, in violation of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a), and 29 C.F.R. § 778.315.

58.    The Merchandisers are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.  29 U.S.C. § 216(b).

59.    Plaintiff, on behalf of himself and the Collective, seeks recovery of his attorneys' fees and costs of action from Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Collective he seeks to represent in this action, requests the following relief:

a)    For an order certifying that all Counts in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

b)    For an order equitably tolling the statute of limitations for the potential members of the Collective;

COLLECTIVE ACTION COMPLAINT
*Paul Castaldi v. Signature Retail Services, Inc.*

c)   For an order awarding Plaintiff and the Collective compensatory and statutory damages, including lost wages, earnings, and all other sums of money owed to Plaintiff and members of the Collective, together with interest on these amounts;

d)   For an order awarding Plaintiff and the Collective liquidated damages as provided under the FLSA;

e)   For an order directing Defendant to identify, locate and restore to all current and former Merchandisers the restitution they are due for lost wages, earnings, and other sums of money, together with interest on these amounts.

f)   For pre- and post-judgment interest;

g)   For an award of reasonable attorneys' fees as provided by the FLSA;

h)   For all costs of suit; and

i)   For such other and further relief as this Court deems just and proper

Respectfully submitted,

Dated:  February 13, 2015

SCHNEIDER WALLACE
COTTRELL KONECKYWOTKYNS LLP

By:   _____/s/ _Joshua Konecky_____
JOSHUA KONECKY
Attorney for Plaintiff Paul Castaldi and the Proposed
Collective

COLLECTIVE ACTION COMPLAINT
*Paul Castaldi v. Signature Retail Services, Inc.*

11

## DEMAND FOR JURY TRIAL

Plaintiff Paul Castaldi, by and through his attorney, hereby demands a jury trial on all claims and issues for which Plaintiff and the Collective are entitled to a jury.

Respectfully submitted,

Dated: February 13, 2015

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

By:            /s/ Joshua Konecky
JOSHUA KONECKY
Attorney for Plaintiff Paul Castaldi and the Proposed
Collective