UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CASTALDI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIGNATURE RETAIL SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-00737-JSC<br><br>**ORDER COMPELLING ARBITRATION AND DISMISSING CASE**<br><br>Re: Dkt. No. 29 |

In this putative class action, Plaintiff Paul Castaldi ("Plaintiff") contends that his employer, Signature Retail Services, Inc. ("Signature Retail"), failed to pay overtime wages and failed to compensate employees for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. (*See* Dkt. No. 1.) For the reasons set forth in the Court's Order regarding Signature Retail's motion to compel, and in light of Signature Retail's agreement that it will be required to pay all the arbitration costs other than the filing fee, the Court concludes that the Arbitration Agreement is enforceable after severance of the internal grievance procedure of Paragraph 5 and the cost-splitting provision of Paragraph 7. The Court therefore GRANTS Signature Retail's motion to compel arbitration.

　　In light of the Court's conclusion that Plaintiff's claims are subject to arbitration, the only remaining question is whether the action should be stayed or dismissed. The Federal Arbitration Act ("FAA") authorizes a court to grant a stay pending resolution of arbitration. *See* 9 U.S.C. § 3. However, nothing in the FAA limits the court's authority to dismiss a case, especially when "all claims are barred by an arbitration clause." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Thus, the Ninth Circuit has held that courts have discretion under 9 U.S.C. § 3 to either stay or dismiss claims that are subject to an arbitration agreement. *See id.*; *see also*

*Nagrama v. MailCoups, Inc.*, 469 F.3d 1257, 1276 (9th Cir. 2006) ("If . . . [a court] decides the arbitration agreement is valid and enforceable, then it should stay or dismiss the action pending arbitration[.]"); *Thinkey Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that the district court properly exercised its discretion in dismissing an action where all claims were subject to arbitration).  Courts in this District regularly dismiss actions after granting motions to compel arbitration where all of the plaintiff's claims were subject to arbitration.  *See, e.g.*, *Chau v. EMC Corp.*, No. C-13-04806-RMW, 2014 WL 842579, at *6 (N.D. Cal. Feb. 28, 2014); *Morris v. Ernst & Young LLP*, No. C-12-04964 RMW, 2013 WL 3460052, at *10 (N.D. Cal. July 9, 2013); *DeMartini v. Johns*, No. 3:12-cv-03929-JCS, 2012 WL 4808448, at *6 (N.D. Cal. Oct. 9, 2012); *Lewis v. UBS Fin. Servs. Inc.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011).  Because all of the claims asserted in this case must be arbitrated, leaving no claims to be resolved following arbitration, the Court concludes that dismissal of this action is appropriate.  And indeed, neither party offers any argument why the case should instead be stayed.

In sum, after striking the two unconscionable provisions, the Arbitration Agreement between Plaintiff and Signature Retail is valid and encompasses all the claims that Plaintiff asserts in this case.  Accordingly, the Court GRANTS the motion to compel arbitration and DISMISSES this action without prejudice to reinstatement should further proceedings be necessary following the completion of arbitration.  The Clerk of Court shall close the case.

This Order disposes of Docket No. 29.

**IT IS SO ORDERED.**

Dated: January 20, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge